IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Josh Thompson, )
        Plaintiff, )
)
v. )
)
Discover Products Inc., successor by merger ) Case No.: 5:15-cv-00012-FL
to DB Servicing Corporation, )
)
        Defendant. )
)
)

## ANSWER

Defendant Discover Products Inc., successor by merger to DB Servicing Corporation ("Defendant"), by and through its undersigned counsel, responds as follows to the Amended Complaint in this action as follows:

### JURISDICTION

1. The allegations of Paragraph 1 are admitted upon information and belief.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted upon information and belief.

### PARTIES

4. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore denies the same.

5. Defendant denies the allegations of Paragraph 5 and states that it is a corporation organized under the laws of the State of Utah.

### FACTS

6. The allegations of Paragraph 6 are denied.

7. The allegations of Paragraph 7 are denied.

8. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 and therefore denies the same.

9. The allegations of Paragraph 9 are denied.

10. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 and therefore denies the same.

11. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

12. The allegations of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are denied.

## COUNT 1
**(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227, *et seq*.)**

1. Defendant realleges and incorporates herein by reference the responses to paragraphs 1 through 13 of Plaintiff's Amended Complaint.

2. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 and therefore denies the same.

3. The allegations of Paragraph 3 are denied.

4. The allegations of Paragraph 4 are denied.

5. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 and therefore denies the same.

6. Responding to the allegations of Paragraph 6, Plaintiff admits that any calls placed to Plaintiff, if any, were not placed for emergency purposes.

7. The allegations of Paragraph 7 are denied.

8. The allegations of Paragraph 8 are denied.

9. The allegations of Paragraph 9 are denied.

Regarding the unnumbered paragraph following Paragraph 9, Defendant denies that Plaintiff is entitled to any damages or other relief against Defendant.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed, neglected, and refused to mitigate the damages alleged and, therefore, is barred from recovery.

## SECOND AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's damages, if any, are attributable to third parties over whom Defendant lacks control.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred by laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Amended Complaint asserts a demand for punitive damages, the Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Amended Complaint seeks punitive damages, the Defendant affirmatively pleads the following in regard to punitive damages:

(a) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the North Carolina Constitution;

(b) An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the North Carolina Constitution;

(c) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the North Carolina Constitution;

(d) An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the North Carolina Constitution; and

(e) Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any alleged violations of the TCPA were not intentional and resulted from a bona fide error. Discover has established and implemented, with

due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the statutes.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to assert additional affirmative defenses as discovery warrants and to the extent permitted by law.

WHEREFORE, Defendant prays that:

1. The Amended Complaint be dismissed with prejudice and the Plaintiff have and recover nothing of Defendant;

2. The costs of this action be taxed against the Plaintiff;

3. To the extent permitted by law, Defendant recover all fees and costs incurred in defense of this action; and

4. Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: March 11, 2015

/s/ Mark S. Wierman
Attorney for Defendant
Bradley Arant Boult Cummings LLP
Bank of America Corporate Center
100 Tryon Street, Suite 2690
Charlotte, North Carolina 28202
Telephone: (704) 338-6023
Fax: (704) 338-6080
mwierman@babc.com
NC Bar No. 37134

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Josh Thompson )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Discover Products Inc., successor by merger )<br>to DB Servicing Corporation, )<br>)<br>Defendant. )<br>)<br>) | Case No.: 5:15-cv-00012-FL |

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2015, a copy of the foregoing ANSWER was filed with the Court's ECF system and was served upon the parties listed below by depositing a copy thereof in the United States Mail in Charlotte, North Carolina, postage pre-paid and addressed as follows:

    Ruth M. Allen, Esq.
    7413 Six Forks Road, Suite 326
    Raleigh, NC 27615
    rallen@lemberglaw.com

    *Attorney for Plaintiff*

    /s/ Mark S. Wierman
    Attorney for Defendant
    Bradley Arant Boult Cummings LLP
    Bank of America Corporate Center
    100 Tryon Street, Suite 2690
    Charlotte, North Carolina 28202
    Telephone: (704) 338-6023

6
Case 5:15-cv-00012-FL   Document 7   Filed 03/11/15   Page 6 of 6